**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | CASE NO.: 1:09-cv-01906 |
| | ) | Judge James S. Gwin |
| Plaintiff, | ) | Magistrate Judge David S. Perelman |
| | ) | |
| | ) | |
| v. | ) ) ) | **BRANTLEY CAPITAL MANAGEMENT, LLP AND ROBERT PINKAS' ANSWER TO THE** |
| BRANTLEY CAPITAL MANAGEMENT, LLC, *et al.*, | ) ) | **COMPLAINT** |
| | ) | (Jury Trial is Demanded) |
| Defendants. | ) | |
| | ) | |

Defendants Brantley Capital Management, LLP ("BCM") and Robert Pinkas ("Mr. Pinkas") (collectively, "answering Defendants" or "Defendants"), hereby respond to the Complaint filed by Plaintiff Securities and Exchange Commission ("SEC") as follows:

1.      The allegations in the first sentence of paragraph 1 contain the SEC's speculation and argument regarding Defendants' motives. These allegations, and the remaining allegations in the first sentence of paragraph 1, are denied, except that Defendants admit the SEC brings this action against the answering Defendants and Mr. Keplinger. Defendants admit the allegations in the second sentence of paragraph 1. Regarding the third sentence of paragraph 1, Defendants admit that Mr. Pinkas was the Chairman and Chief Executive Officer of both BCM and Brantley Capital but deny the remaining allegations in the third sentence of paragraph 1. Defendants admit the allegations in the fourth sentence of paragraph 1. The allegations in the fifth sentence of paragraph 1 contain conclusions of law and no response is required from Defendants. If any response is deemed necessary, Defendants deny the allegations in the fifth sentence of paragraph 1. The sixth sentence of paragraph one contains the SEC's conclusory opinions,

characterizations and judgments and do not constitute factual allegations, and therefore do not require a response.  If any response is deemed necessary, Defendants deny the allegations in the sixth sentence of paragraph 1.

2.      Regarding the first sentence of paragraph 2, Defendants admit that from December 2001 to April 2005, BCM, through Mr. Pinkas, Mr. Keplinger, and others, advised Brantley Capital's board that its investment in FOI was worth $32.5 million. Defendants deny the allegations in the second sentence of paragraph 2.  Regarding the third sentence of paragraph 2, Defendants admit that the value of Brantley Capital's interest in FOI was derived primarily from FOI's ownership interest in Flight Options, LLC ("Flight Options"), and further admit that, at times, FOI lost money, but deny the remaining allegations.  To the extent the allegations in the fourth sentence of paragraph 2 are directed toward the answering Defendants, Defendants admit that Raytheon Company was the co-owner of Flight Options along with FOI, and that Raytheon, at times, loaned Flight Options money, but Defendants deny the remaining allegations. Defendants lack sufficient knowledge or information to admit or deny the allegations in the fourth sentence of paragraph 2 regarding Mr. Keplinger.  To the extent the allegations in the fifth and sixth sentences of paragraph 2 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the fifth and sixth sentences of paragraph 2 regarding Mr. Keplinger.

3.      To the extent the allegations in paragraph 3 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

4.      To the extent the allegations in the first sentence of paragraph 4 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient

knowledge or information to admit or deny the allegations regarding Mr. Keplinger. Defendants

deny the allegations in the second sentence of paragraph 4.  To the extent the allegations in the

third, fourth, fifth, sixth and seventh sentences of paragraph 4 are directed to the answering

Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or

information to admit or deny the allegations regarding Mr. Keplinger.

     5.     Regarding paragraph 5, Defendants admit that in October 2005, Brantley Capital

made an announcement that after a review by its new administrator, the FOI and DPC

investments, in the view of its new administrator and its current board, appeared to have no

value.  Defendants deny the remaining allegations in paragraph 5.

     6.     The allegations in paragraph 6 constitute a legal conclusion and no response is

required from Defendants.  If any response is deemed necessary, and to the extent the allegations

in paragraph 6 are directed toward the answering Defendants, Defendants deny those allegations.

Defendants lack sufficient knowledge or information to admit or deny the allegations regarding

Mr. Keplinger.

     7.     The allegations in paragraph 7 constitute a legal conclusion and no response is

required from Defendants.  If any response is deemed necessary, Defendants lack sufficient

knowledge or information to admit or deny the allegations in the first sentence of paragraph 7

and deny the allegations in the second sentence of paragraph 7.

     8.     The allegations in paragraph 8 constitute a legal conclusion and no response is

required from Defendants.  If any response is deemed necessary, Defendants deny the allegations

in paragraph 8.

9.      The allegations in paragraph 9 contain the SEC's speculation and argument, as well as conclusions of law, and no response is required from the Defendants.  If any response is deemed necessary, Defendants deny the allegations contained in paragraph 9.

10.     Defendants admit the allegations in paragraph 10.

11.     To the extent the allegations in paragraph 11 are directed toward the answering Defendants, Defendants admit that BCM and Mr. Pinkas conducted business in offices located within this district, and that in connection with their business they made use of the means and instrumentalities of transportation or communication in, or the instrumentalities of, interstate commerce or of the mails.  Defendants deny the remaining allegations in paragraph 11.

12.     Regarding the first sentence of paragraph 12, Defendants admit that BCM and Mr. Pinkas conducted business in offices located within the Northern District of Ohio, but deny the remaining allegations. Defendants admit the allegations in the second sentence of paragraph 12.

13.     Defendants admit the allegations in paragraph 13.

14.     Defendants lack sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 14.  Regarding the second sentence of paragraph 14, Defendants admit that Mr. Keplinger was the CFO of Brantley Capital and BCM from approximately June 1996 until 2005, when he tendered his resignation on July 15, 2005 to be effective August 1, 2005.

15.     Defendants admit the allegations in paragraph 15.

16.     Defendants admit the allegations in the first, second, third, and fourth sentences of paragraph 16.  Regarding the fifth sentence of paragraph 16, Defendants admit that on November 15, 2004, Brantley Capital filed a Form 10-Q for the quarter ended September 30, 2004. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations

4

in the fifth sentence of paragraph 16.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the sixth and seventh sentences of paragraph 16.

17.     Regarding the first, second and third sentences of paragraph 17, Defendants admit that during the relevant period, the predecessor of Flight Options International, and later Flight Options International, was a Delaware corporation originally in the business of managing fixed-base operations.  By 2000, Flight Options International derived most of its revenue from the provision of private air travel through the sale of fractional interests in aircraft.  In March 2002, it merged its private air travel business with that of Raytheon to create Flight Options, LLC. Defendants deny the remaining allegations contained in the first, second and third sentences of paragraph 17.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the fourth sentence of paragraph 17.

18.     Defendants admit the allegations in the first and second sentences of paragraph 18.  Defendants lack sufficient knowledge or information to admit or deny the third and fourth sentences of paragraph 18.

19.     Defendants admit the allegations in the first sentence of paragraph 19. Defendants lack sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 19.

20.     The first sentence of paragraph 20 contains a legal conclusion regarding the requirements of the Investment Company Act, and no response is required from Defendants. With regard to the second sentence of paragraph 20, Defendants admit that the Brantley Capital board was provided with quarterly valuation summaries of each investment which might contain, among other information, narrative descriptions, summary financial data, possible forecasts, and possible valuation recommendations for each portfolio security.  To the extent the remaining

allegations in the second sentence of paragraph 20 are directed toward the answering Defendants, Defendants deny those allegations. Defendants lack sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 20 regarding Mr. Keplinger. Regarding the third sentence of paragraph 20, Defendants admit that "board books" were prepared for the Brantley Capital board but lack sufficient knowledge or information to admit or deny the remaining allegations.

21. To the extent the allegations in paragraph 21 refer to an unnamed document, that document speaks for itself and no response is required from Defendants. To the extent the allegations in paragraph 21 refer to undefined "internal controls," Defendants lack sufficient knowledge or information to admit or deny those allegations. If any further response is deemed necessary, Defendants deny the allegations in paragraph 21.

22. The allegations in paragraph 22 purport to set forth information from BCM's investment advisory agreement with Brantley Capital. That document speaks for itself and no response is required from Defendants.

23. The allegations in paragraph 23 purport to represent what is stated in GAAP and Brantley Capital's valuation guidelines. Both GAAP and Brantley Capital's valuation guidelines speak for themselves, and no response from Defendants is required.

24. The allegations in paragraph 24 purport to represent what is stated in Brantley Capital's valuation guidelines. The guidelines speak for themselves and no response from Defendants is required.

25. Regarding the first sentence of paragraph 25, Defendants admit that Brantley Capital first invested in the predecessor to FOI in 1997 with the purchase of $2.1 million of stock, but deny the remaining allegations. Defendants deny the allegations in the second and

third sentences of paragraph 25.  Defendants lack sufficient knowledge or information to admit

or deny the allegations in the fourth sentence of paragraph 25.  Regarding the fifth sentence of

paragraph 25, Defendants admit that in its Form 10-Q for period ended June 30, 2001, filed

August 14, 2001, Brantley Capital valued its interest in FOI at approximately $17.8 million but

lack sufficient knowledge or information to admit or deny the remaining allegations.

26.     Regarding the first sentence of paragraph 26, Defendants admit that in December

2001, FOI and Raytheon agreed to combine their private air travel businesses into a new

company, Flight Options.  Defendants admit the allegations in the second sentence of paragraph

26.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the

third sentence of paragraph 26.  Defendants admit the allegations in the fourth sentence of

paragraph 26.

27.     Defendants admit the allegations in paragraph 27

28.     Paragraph 28 purports to set forth information from a valuation report performed

by Morgan Stanley.  That document speaks for itself and no response from Defendants is

required.  If any response is deemed necessary, Defendants deny the allegations in paragraph 28.

29.     The first sentence of paragraph 29 purports to set forth information from a

valuation report by Morgan Stanley.  That document speaks for itself and no response from

Defendants is required.  If any response is deemed necessary, Defendants deny the allegations in

the first sentence of paragraph 29. Regarding the second sentence of paragraph 29, Defendants

admit that upon its creation, Flight Options used a January 1 through December 31 fiscal year.

30.     To the extent the allegations in paragraph 30 are directed toward the answering

Defendants, Defendants deny the allegations.  Defendants lack sufficient knowledge or

information to admit or deny the remaining allegations in paragraph 30.

31.     The allegations in the first and second sentences of paragraph 31 purport to set forth information from Brantley Capital's Form 10-K for the year ended December 31, 2001. That document speaks for itself and no response is required.  To the extent any response to the allegations in the first and second sentences of paragraph 31 is deemed necessary, Defendants deny those allegations.  Defendants deny the allegations in the third sentence of paragraph 31.

32.     Defendants deny the allegations in paragraph 32.

33.     Defendants deny the allegations in paragraph 33.

34.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 34.

35.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 35.

36.     Regarding the first sentence of paragraph 36, Defendants admit that the board books dated August 13, 2002 state, among other things, that Flight Options had received "two indications of interest in a private round of financing at approximately the current valuation from sophisticated third party investors."  Defendants deny the remaining allegations in the first sentence of paragraph 36.  Defendants deny the allegations in the second and third sentences of paragraph 36.

37.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 37.

38.     Regarding paragraph 38, Defendants admit that on August 27, 2002, Mr. Pinkas joined the rest of Flight Options' board in voting to enter into further discussions with a potential investor.  Defendants deny the remaining allegations in paragraph 38.

39.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 39.

40.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 40.

41.     Defendants deny the allegations in the first sentence of paragraph 41.  Defendants admit the allegations in the second sentence of paragraph 41.

42.     Defendants admit that Raytheon made a series of loans to Flight Options but deny the remaining allegations in paragraph 42.

43.     Certain of the allegations in paragraph 43 purport to set forth information from Brantley Capital's Form 10-K for the year ended December 31, 2002.  That document speaks for itself and no response is required from Defendants.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 43.

44.     To the extent the allegations in paragraph 44 are directed to answering defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

45.     Defendants deny the allegations in paragraph 45.

46.     Regarding paragraph 46, Defendants admit that a $55 million valuation of Flight Options would have been over 90 percent less than a $600 million valuation of Flight Options. Defendants deny the remaining allegations in paragraph 46.

47.     Defendants deny the allegations in paragraph 47.

48.     Regarding paragraph 48, Defendants admit that the board books dated February 27, 2003 state, among other things, that the valuation of Brantley Capital's FOI investment was $32.5 million.  To the extent the remaining allegations in paragraph 48 are directed toward the

answering Defendants, Defendants deny the allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

49.     The allegations in paragraph 49 constitute conclusions of law and no response is required from Defendants.  If any response is deemed required, and to the extent the allegations in paragraph 49 are directed to answering defendants, Defendants deny those allegations. Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

50.     To the extent the allegations in paragraph 50 are directed to answering defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

51.     Regarding paragraph 51, Defendants admit that board books indicate, among other things, that Flight Options was estimating that it had generated $808 million in revenue and $40 million in EBITDA in calendar year 2002.  To the extent the remaining allegations in paragraph 51 are directed toward the answering Defendants, Defendants deny those allegations. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 51 regarding Mr. Keplinger.

52.     Regarding paragraph 52, Defendants admit that the board books indicate, among other things, that the valuation was supported by, *inter alia*, Flight Options' "EBITDA run rate." To the extent the remaining allegations in paragraph 52 are directed to answering defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 52 regarding Mr. Keplinger.

53.     Defendants deny the allegations in paragraph 53.

54.     To the extent the allegations in paragraph 54 are directed to answering defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding "anyone else at BCM."

55.     To the extent the allegations in paragraph 55 are directed to answering defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding "anyone else at BCM."

56.     To the extent the allegations in paragraph 56 are directed to answering defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding "anyone else at BCM."

57.     The allegations in paragraph 57 purport to set forth information from Brantley Capital's Form 10-K for the year ended December 31, 2002.  That document speaks for itself and no response is required to those allegations.  To the extent any response to the remaining allegations in paragraph 57 is deemed necessary, Defendants lack sufficient knowledge or information to admit or deny those allegations.

58.     The allegations in paragraph 58 purport to set forth information from Brantley Capital's Form 10-K for the year ended December 31, 2002.  That document speaks for itself and no response is required. To the extent any response to the allegations in paragraph 57 is required, Defendants deny those allegations. Defendants deny the allegations in the fourth sentence of paragraph 58.

59.     Defendants admit that Mr. Pinkas and Mr. Keplinger reviewed, signed and certified Brantley Capital's Form 10-K reports filed for 2002 through 2004.  The remaining allegations in paragraph 59 purport to set forth information in the Form 10-K reports.  Those reports speak for themselves and no further response is required from Defendants.

60.     Defendants deny the allegations in paragraph 60.

61.     Defendants lack sufficient knowledge or information to admit or deny the allegations in the first two sentences of paragraph 61.  The third sentence of paragraph 61 purports to set forth information from Morgan Stanley's valuation report.  That document speaks for itself, and no response is required from Defendants.  If any response is deemed necessary, Defendants deny the remaining allegations in the third sentence of paragraph 61.

62.     To the extent the allegations in the first and second sentences of paragraph 62 are directed to answering defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 62 regarding "anyone else at BCM."  The allegations in the third sentence of paragraph 62 purport to set forth information contained in Brantley Capital's board books for May 12, 2003.  Those documents speak for themselves, and no response is required from Defendants.  If any response is deemed necessary, and to the extent the remaining allegations are directed toward the answering Defendants, Defendants deny the allegations in the third sentence of paragraph 62.  To the extent the allegations in the fourth and fifth sentences of paragraph 62 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the second, third, fourth and fifth sentences of paragraph 62 regarding Mr. Keplinger.

63.     To the extent the allegations in paragraph 63 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

64.     With respect to the first sentence of paragraph 64, Defendants admit that board books dated May 12, 2003 state, among other things, that Brantley Capital's investment in FOI

was $32.5 million.  To the extent the remaining allegations in the first sentence of paragraph 64 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 64.

65.     The allegations in paragraph 65 purport to set forth information from Brantley Capital's Form 10-Q for the quarter ended March 31, 2003 and 2002 Form 10-K.  Those documents speak for themselves and no response is required from Defendants.

66.     Defendants deny the allegations in paragraph 66.

67.     Regarding paragraph 67, Defendants admit that Raytheon loaned Flight Options approximately $28 million and deny the remaining allegations.

68.     Defendants deny the allegations in paragraph 68.

69.     Defendants admit that "Series A" preferred stock existed in connection with Flight Options, but to the extent the allegations in paragraph 69 purport to set forth or characterize information from documents governing a restructuring transaction, those documents speak for themselves and no response is required from Defendants.

70.     Defendants admit that the transaction increased Brantley Capital's interest in Flight Options, but to the extent the allegations in paragraph 70 purport to set forth or characterize information from documents governing a restructuring transaction, those documents speak for themselves and no response is required from Defendants.

71.     Defendants admit that the "Series A" units had certain differentiating characteristics, but to the extent the allegations in the first sentence of paragraph 71 purport to set forth or characterize information from documents governing a restructuring transaction, those

documents speak for themselves and no response is required from Defendants.  To the extent the allegations in the second and third sentences of paragraph 71 purport to set forth or characterize information from documents governing a restructuring transaction, those documents speak for themselves and no response is required from Defendants.  Defendants deny the remaining allegations in the second and third sentences of paragraph 71.

72.     Defendants deny the allegations in paragraph 72.

73.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 73.

74.     To the extent the allegations in paragraph 74 are directed toward answering Defendants, Defendants admit that Flight Options' financial condition improved following its receipt of the Raytheon cash infusion but deny the remaining allegations in paragraph 74. Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

75.     To the extent the allegations in paragraph 75 purport to set forth information from Morgan Stanley's valuation report, that document speaks for itself and no response is required from Defendants.  Defendants deny the remaining allegations in paragraph 75.

76.     Regarding paragraph 76, Mr. Pinkas admits that he was familiar with the Raytheon transaction in 2003.  Regarding the remaining allegations in paragraph 76, and to the extent those allegations are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

77.     To the extent the allegations in paragraph 77 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

78.     Defendants deny the allegations in paragraph 78.

79.     Certain of the allegations in paragraph 79 appear to set forth information from a document.  That document speaks for itself and no response is required from Defendants.  To the extent the remaining allegations in paragraph 79 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

80.     The allegations in paragraph 80 purport to set forth information from Brantley Capital's board books.  Those documents speak for themselves, and no response is required from answering Defendants.  To the extent the remaining allegations are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

81.     To the extent the allegations in the first sentence of paragraph 81 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 81 regarding Mr. Keplinger.  The allegations in the second sentence of paragraph 81 purport to set forth information from Brantley Capital's board books.  Those documents speak for themselves and no response is required from Defendants. To the extent the allegations in the third sentence of paragraph 81 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the third sentence of paragraph 81 regarding Mr. Keplinger.

15

82.     To the extent the allegations in paragraph 82 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

83.     Defendants deny the allegations in paragraph 83.

84.     Defendants deny the allegations in paragraph 84.

85.     The allegations in paragraph 85 purport to set forth information from Brantley Capital's Forms 10-Q for the quarterly periods ended June 30 and September 30, 2003, filed August 14 and November 14, 2003, respectively, and its Form 10-K for the year ended December 31, 2003, filed March 30, 2004.  Those documents speak for themselves and no response is required. To the extent any response to the allegations in paragraph 85 is deemed required, Defendants lack sufficient knowledge or information to admit or deny those allegations.

86.     The allegations paragraph 86 purport to set forth information from Brantley Capital's Forms 10-Q for 2003 and Form 10-K for 2003.  Those documents speak for themselves and no response is required from Defendants.  If any response to the allegations in paragraph 86 is deemed required, and to the extent the allegations are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

87.     The allegations in paragraph 87 purport to set forth information from Brantley Capital's Forms 10-Q for 2003 and Form 10-K for 2003.  Those documents speak for themselves and no response is required.

88.     Defendants deny the allegations in paragraph 88.

89.     To the extent the allegations in paragraph 90 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

90.     Defendants deny the allegations in paragraph 90.

91.     To the extent the allegations in paragraph 91 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

92.     Defendants lack sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 92.  The second sentence of paragraph 92 purports to set forth information in Brantley Capital's 2004 Forms 10-Q.  Those documents speak for themselves and no response is required from Defendants.  Certain allegations in the third sentence of paragraph 92 purport to characterize information in Brantley Capital's Forms 10-Q for 2004.  Those documents speak for themselves and no response is required from Defendants. Defendants deny the remaining allegations in the third sentence of paragraph 92.

93.     To the extent the allegations in paragraph 93 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

94.     Defendants admit the allegations in the first sentence of paragraph 94. Defendants deny the allegations in the second sentence of paragraph 94.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the third sentence of paragraph 94.

95.     Defendants deny the allegations in paragraph 95.

96.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 96 regarding an unnamed "Private Equity Firm."  Defendants deny the remaining allegations in paragraph 96.

97.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 97 regarding an unnamed "Private Equity Firm."  To the extent the remaining allegations in paragraph 97 are directed toward the answering Defendants, Defendants deny the allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 97 regarding Mr. Keplinger.

98.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 98 regarding an unnamed "Private Equity Firm."  Defendants deny the remaining allegations in paragraph 98.

99.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 99 regarding an unnamed "Private Equity Firm."  Defendants deny the remaining allegations in paragraph 99.

100.    Defendants deny the allegations in paragraph 100.

101.    Defendants deny the allegations in paragraph 101.

102.    Defendants deny the allegations in paragraph 102.

103.    With regard to the first sentence of paragraph 103, Defendants admit that board books dated April 21, 2005 state, among other things, that Brantley Capital's valuation of its FOI investment was $32.5 million.  To the extent the remaining allegations in the first sentence of paragraph 103 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.  With respect to the second sentence of paragraph 103, Defendants admit that the

18

board books indicate, among other things, that this valuation was supported by, *inter alia*, the 2001 Morgan Stanley appraisal.  To the extent the remaining allegations in the second sentence of paragraph 103 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

104.    To the extent the allegations in the first, second and third sentences of paragraph 104 are directed toward the answering Defendants, Defendants deny those allegations. Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.  The allegations in the fourth sentence of paragraph 104 purport to set forth information regarding Morgan Stanley's valuation report.  That document speaks for itself and no response is required from Defendants.  If any response is deemed required, Defendants deny the allegations in the fourth sentence of paragraph 104.

105.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 105 regarding an unnamed "Private Equity Firm."  To the extent the remaining allegations in paragraph 105 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 105 regarding Mr. Keplinger.

106.    To the extent the allegations in paragraph 106 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

107.    Defendants deny the allegations in paragraph 107.

108.    Defendants lack sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 108.  Defendants lack sufficient knowledge or

information to admit or deny the allegations in the second sentence of paragraph 108. Defendants deny the allegations in the third sentence of paragraph 108.

109.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 109.

110.    Regarding the first sentence of paragraph 110, Defendants admit that Brantley Capital reported its financial results – including the Flight Options write-down – in a Form 8-K filed on May 19, 2005, that was reviewed by Mr. Pinkas and signed by Mr. Keplinger.  The allegations in the second sentence of paragraph 110 purport to set forth information from Brantley Capital's Form 8-K filed on May 19, 2005.  That document speaks for itself and no response is required from Defendants.

111.    The allegations in paragraph 111 purport to set forth information from Brantley Capital's Form 8-K filed on May 25, 2005.  That document speaks for itself and no response is required from Defendants. Defendants admit that the 8-K referenced in paragraph 111 was reviewed by Mr. Pinkas and signed by Mr. Keplinger.

112.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 112.

113.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 113.

114.    Regarding paragraph 114, Defendants admit that Keplinger tendered his resignation from Brantley Capital on July 15, 2005 to take effect August 1, 2005.

115.    Defendants deny the allegations in the first sentence of paragraph 115. Defendants lack sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 115.  Defendants deny the allegations in the third and fourth

sentences of paragraph 115.  Defendants admit the allegations in the fifth sentence of paragraph

115.

116.     Defendants admit that on June 28, 2005, Brantley Capital filed a Form 8-K that

was signed by Mr. Pinkas.  The remaining allegations in paragraph 116 purports to set forth

information from Brantley Capital's Form 8-K filed on June 28, 2005.  That document speaks for

itself and no response is required from Defendants.

117.     Regarding paragraph 117, Defendants admit that Mr. Pinkas signed Brantley

Capital's Form 8-K filed on June 28, 2005 and Brantley Capital's Form 8-K filed on August 22,

2005.  The remaining allegations in paragraph 117 purport to set forth information from these

Forms 8-K.  Those documents speak for themselves and no response is required from

Defendants.

118.     Defendants admit the allegations in paragraph 118.

119.     Defendants lack sufficient information to admit or deny the allegations in

paragraph 119.

**Brantley Capital's Valuations of Its Investment in DPC**

120.     To the extent the allegations in the first sentence of paragraph 120 are directed

toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient

knowledge or information to admit or deny the allegations regarding Mr. Keplinger.  Defendants

deny the allegations in the second sentence of paragraph 120.

**Background of Brantley Capital's Investment in DPC**

121.     With respect to the first sentence of paragraph 121, Defendants admit that

Brantley Capital made its initial investment in DPC, a private manufacturer of janitorial supplies,

in 1998.  Defendants lack sufficient knowledge or information to admit or deny the remaining

allegations in the first sentence of paragraph 121.  Regarding the second sentence of paragraph 121, Defendants admit that Brantley Capital's investment consisted of a $1 million subordinated loan.  Defendants further admit that this loan, which was Brantley Capital's first debt investment, was subordinate to $4 million in loans and a $3.75 million line of credit.  Defendants deny the remaining allegations in the second sentence of paragraph 121.

122.    Defendants deny the allegations in the first sentence of paragraph 122.  Regarding the second sentence of paragraph 122, Defendants admit that the board books dated May 1, 2002 indicate, among other things, that there was a "significant flood at one of [DPC's] primary manufacturing facilities."  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in the second sentence of paragraph 122.  Defendants lack sufficient information to admit or deny the allegations in the third sentence of paragraph 122.  Regarding the fourth sentence of paragraph 122, Defendants admit that the board books dated May 1, 2002 indicate, among other things, that in 2000, DPC experienced "the loss of its largest customer[.]"

123.    Defendants deny the allegations in the first sentence of paragraph 123. Defendants lack sufficient knowledge or information to admit or deny the allegations in the second, third and fourth sentences of paragraph 123.

124.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 124.

125.    Defendants admit that DPC borrowed money, but deny the remaining allegations in the first sentence of paragraph 125.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 125.  Regarding the third sentence of paragraph 125, Defendants admit that Brantley Capital made loans to DPC, but deny the remaining allegations.

126.    To the extent the allegations in paragraph 126 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

127.    Defendants admit that the board books dated May 1, 2002 state, among other things, that DPC "dealt with several significant distractions in 2000[.]"  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 127.

128.    The allegations in paragraph 128 purport to set forth information in Brantley Capital's Form 10-K for the year ended December 31, 2001.  That document speaks for itself and no response is required from Defendants.

129.    Defendants deny the allegations in paragraph 129.

130.    To the extent the allegations in paragraph 130 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

131.    Defendants admit that Banc One Capital agreed in June 2002 to accept $250,000 in satisfaction of a $2,500,000 loan it had made to DPC, but lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 131.

132.    Defendants deny the allegations in the first sentence of paragraph 132. Defendants lack sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 132.

133.    The allegations in paragraph 133 appear to set forth information contained in a note to DPC's 2002 financial statements.  That document speaks for itself and no response to those allegations is required of Defendants.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 133.

23

134.    The allegations in paragraph 134 appear to set forth information contained in DPC's 2002 financial statements.  Those documents speak for themselves and no response to those allegations is required of Defendants.

135.    To the extent the allegations in paragraph 135 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

136.    Regarding paragraph 136, Defendants admit that the board books dated March 27, 2003 state, among other things, that "DPC has sustained a series of setbacks since the inception of the investment that has inhibited its ability to focus on its growth plan" and that DPC "now believes that they have the right formula to increase shareholder value."  To the extent the remaining allegations in paragraph 136 are directed toward the answering Defendants, Defendants deny the allegations. Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

137.    Defendants deny the allegations in paragraph 137.

138.    Defendants admit that Brantley Capital did not write down the value of its loans to DPC in 2002 but deny the remaining allegations in paragraph 138.

139.    The allegations in the first and second sentences of paragraph 139 purport to set forth information from a Form 10-K for the year ended December 31, 2002 filed by Brantley Capital on March 31, 2003.  That document speaks for itself and no response is required from Defendants.  If any response is deemed required, and to the extent the allegations are directed toward the answering Defendants, Defendants deny the allegations in the first and second sentences of paragraph 139.  Defendants lack sufficient knowledge or information to admit or

deny the allegations regarding Mr. Keplinger.  Defendants deny the allegations in the third sentence of paragraph 139.

140.     The allegations in the first sentence of paragraph 140 constitute conclusions of law and no response is required of Defendants.  If any response is deemed required, Defendants deny the allegations in the first sentence of paragraph 140.  The allegations in the second sentence of paragraph 140 purport to set forth information regarding Brantley Capital's Form 10-K for the year ended December 31, 2002.  That document speaks for itself and no response is required from Defendants.

141.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 141.

142.     Defendants admit that the board books dated February 27, 2003 state, among other things, that DPC projected $14,160,000 in revenue and $825,000 in EBITDA in 2003.  To the extent the remaining allegations in paragraph 142 are directed toward the answering Defendants, Defendants deny the allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

143.     With regard to the first sentence of paragraph 143, Defendants admit that Brantley Capital made additional loans to DPC.  To the extent the remaining allegations in the first sentence of paragraph 143 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 143.

144.     The allegations in paragraph 144 purport to set forth information from DPC's 2003 financial statements.  Those documents speak for themselves and no response is required from Defendants.  If any response is deemed necessary, and to the extent the remaining

allegations are directed toward the answering Defendants, Defendants deny the allegations in paragraph 144.

145.     The first sentence of paragraph 145 purports to set forth information from DPC's 2003 financial statements.  Those documents speak for themselves and no response is required from Defendants.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 145.

146.     The allegations in paragraph 146 purport to set forth information from DPC's 2003 financial statements.  Those documents speak for themselves and no response is required from Defendants.

147.     Defendants lack sufficient knowledge or information to admit or deny the allegations regarding an unnamed venture capital fund as set forth in paragraph 147.  Defendants deny the remaining allegations in paragraph 147.

148.     To the extent the allegations in paragraph 148 are directed toward the answering Defendants, Defendants deny the allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

149.     The allegations in the first and second sentences of paragraph 149 purport to set forth information from Brantley Capital's  Forms 10-Q for the quarters ended March 31, 2003, June 30, 2003, and September 30, 2003.   Those documents speak for themselves and no response is required from Defendants. Defendants deny the allegations in the third sentence of paragraph 149.

150.     The allegations in paragraph 150 purport to set forth information from Brantley Capital's Form 10-K for the year ended December 31, 2003.  That document speaks for itself and no response is required from Defendants.

151.     Defendants admit that Brantley Capital's 10-K for the year ended December 31, 2003 states that Brantley Capital had outstanding loans to DPC totaling $3,866,000.  With regard to the second sentence of paragraph 151, Defendants admit that Brantley Capital wrote down its investment by $750,000, but deny the remaining allegations.

152.     Defendants deny the allegations in paragraph 152.

153.     The allegations in paragraph 153 purport to set forth information regarding the substance of Brantley Capital's Form 10-K for the year ended December 31, 2003.  That document speaks for itself and no response is required of Defendants.

154.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 154.

155.     To the extent the allegations in paragraph 155 are directed toward the answering Defendants, Defendants deny the allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

156.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 156.

157.     Defendants deny the allegations in this first sentence of paragraph 157. Defendants lack sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 157.

158.     To the extent the allegations in paragraph 158 are directed toward the answering Defendants, Defendants deny the allegations.

159.     Defendants admit that Brantley Capital placed $1 million in escrow but deny the remaining allegations in paragraph 159.

160.    The allegations in the first sentence of paragraph 160 constitute a conclusion of law and no response is required from Defendants.  Regarding the second sentence of paragraph 160, Defendants admit that Brantley Capital's Form 10-Q for the quarter ended March 31, 2004 states that Brantley Capital had $391,126 in cash and cash equivalents and $976,943 in advisory fees and accrued professional fees as of March 31, 2004.  Defendants deny the remaining allegations in the second sentence of paragraph 160

161.    Defendants deny the allegations in the first sentence of paragraph 161.  Regarding the second sentence of paragraph 161, Defendants admit that Brantley Capital's Form 10-Q for the quarter ended March 31, 2004 states that Brantley Capital had a net investment loss of $541,469 in the first quarter.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in the second sentence of paragraph 161.

162.    To the extent the allegations in paragraph 162 are directed toward the answering Defendants, Defendants deny the allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

163.    The first sentence of paragraph 163 contains conclusions of law to which no response is required from Defendants.  If any response is deemed required, and to the extent the allegations in the first sentence of paragraph 163 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 163 regarding Mr. Keplinger. Defendants lack sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 163.  To the extent the allegations in the third sentence of paragraph 163 are directed toward the answering Defendants, Defendants deny those allegations.

Defendants lack sufficient knowledge or information to admit or deny the allegations in the third sentence of paragraph 163 regarding Mr. Keplinger.

164.     The allegations in paragraph 164 purport to set forth information regarding the substance of Brantley Capital's Form 10-Q for the quarter ended March 31, 2004.  This document speaks for itself and no response is required from Defendants.

165.     To the extent the allegations in the first sentence of paragraph 165 are directed toward the answering Defendants, Defendants deny the allegations. Defendants lack sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 165 regarding Mr. Keplinger.  Certain of the allegations in the second sentence of paragraph 165 purport to set forth information contained in Brantley Capital's Form 10-Q for the quarter ended March 31, 2004.  That document speaks for itself and no response is required of Defendants. Defendants deny the remaining allegations in paragraph 165.

166.     Defendants deny the allegations in the first sentence of paragraph 166. Defendants lack sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 166.

167.     Defendants deny the allegations in the first sentence of paragraph 167. Defendants lack sufficient knowledge or information to admit or deny the allegations in the second and third sentences of paragraph 167.

168.     To the extent the allegations in the first sentence of paragraph 168 are directed toward the answering Defendants, Defendants deny the allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 168 regarding Mr. Keplinger.  The allegations in the second sentence of paragraph 168 purport to set

forth information in Brantley Capital's Form 10-Q for the quarter ended June 30, 2004.  That document speaks for itself and no response is required from Defendants.

169.     The allegations in the first sentence of paragraph 169 constitute a legal conclusion and no response is required from Defendants.  Regarding the second sentence of paragraph 169, Defendants admit that Brantley Capital's Form 10-Q for the quarter ended June 30, 2004 states that Brantley Capital had $29,751 in cash and cash equivalents and approximately $1.4 million in advisory fees and accrued professional fees as of June 30, 2004.  Defendants deny the remaining allegations in the second sentence of paragraph 169.  Defendants deny the allegations in the third sentence of paragraph 169.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the fourth sentence of paragraph 169.

170.     To the extent the allegations in paragraph 170 are directed toward the answering Defendants, Defendants deny the allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 170 regarding Mr. Keplinger.

171.     Defendants admit that the board books dated August 12, 2004 state, among other things, that DPC's "2005 projected EBITDA will be approximately $850,000.  Assuming a 5x multiple, a sale of the Company at current market multiples will result in full repayment of the senior debt and our subordinated notes."  Defendants deny the allegation in paragraph 171 that DPC's EBITDA "was on track to be even lower in 2004."  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 171.

172.     Regarding the first sentence of paragraph 172, Defendants admit that the board voted to reduce the value of its loans to DPC by $410,000, but deny the remaining allegations.  Certain of the allegations in the second sentence of paragraph 172 purport to set forth information from Brantley Capital's Form 10-Q for the quarter ended June 30, 2004.  That

document speaks for itself and no response is required from Defendants.  If any further response

is deemed required, Defendants deny the allegations in paragraph 172.

173.     The allegations in paragraph 173 purport to set forth information from Brantley

Capital's Form 10-Q for the quarter ended June 30, 2004.  That document speaks for itself and

no response is required from Defendants.

174.     To the extent the allegations in paragraph 174 are directed toward the answering

Defendants, Defendants deny the allegations.  Defendants lack sufficient knowledge or

information to admit or deny the allegations regarding Mr. Keplinger.

175.     Defendants deny the allegations in the first sentence of paragraph 175.

Defendants lack sufficient knowledge or information to admit or deny the allegations in the

second sentence of paragraph 175.

176.     Defendants deny the allegations in the first sentence of paragraph 176.  To the

extent the allegations in the second sentence of paragraph 176 are directed toward Mr. Pinkas, he

denies those allegations.  Defendants lack sufficient knowledge or information to admit or deny

the allegations in the second sentence of paragraph 176 regarding Mr. Keplinger.  To the extent

the allegations in the third sentence of paragraph 176 are directed toward the answering

Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or

information to admit or deny the allegations in the third sentence of paragraph 176 regarding Mr.

Keplinger or "anyone else at BCM."

177.     Defendants lack sufficient knowledge or information to admit or deny the

allegations in the first sentence of paragraph 177.  Certain of the allegations in the second

sentence of paragraph 177 purport to set forth information contained in Brantley Capital's Form

10-Q for the quarter ended September 30, 2004.  That document speaks for itself and no response

is required from Defendants.  Defendants deny the remaining allegations in the second sentence of paragraph 177.

178.    The allegations in paragraph 178 purport to set forth information contained in Brantley Capital's Form 10-Q for the quarter ended September 30, 2004.  That document speaks for itself and no response is required from Defendants.

179.    The allegations in the first sentence of paragraph 179 constitute a legal conclusion and no response is required from Defendants.  Regarding the second sentence of paragraph 179, Defendants admit that Brantley Capital's Form 10-Q for the quarter ended September 30, 2004 states that Brantley Capital had $19,976 in cash and cash equivalents and approximately $1.7 million in advisory fees and accrued professional fees as of September 30, 2004, but deny the remaining allegations.  Defendants deny the allegations in the third sentence of paragraph 179.  Defendants admit that Brantley Capital's Form 10-Q for the quarter ended September 30, 2004 states that Brantley Capital had a net investment loss of $542,457 in the third quarter of 2004.

180.    To the extent the allegations in the first sentence of paragraph 180 purport to set forth or quote information from a document, the document speaks for itself and no response is required from Defendants.  If any response is deemed necessary, Defendants lack sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 180.  Defendants deny the allegations in the second sentence of paragraph 180.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the third sentence of paragraph 180.

181.    Defendants deny the allegations in paragraph 181.

182.    Defendants admit the allegations in paragraph 182.

183.    The allegations in the first sentence of paragraph 183 constitute a legal conclusion and no response is required from Defendants. Defendants lack sufficient information to admit or deny the allegations in the second sentence of paragraph 183. Defendants deny the allegations in the third sentence of paragraph 183. Defendants lack sufficient knowledge or information to admit or deny the allegations in the fourth sentence of paragraph 183.

184.    To the extent that allegations in paragraph 184 are directed toward the answering Defendants, Defendants deny the allegations. Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger or "anyone else at BCM."

185.    The allegations in paragraph 185 appear to characterize Brantley Capital's Form 8-K filed on June 28, 2005. That document speaks for itself and no response is required from Defendants. If any response is deemed required, and to the extent the allegations in paragraph 185 are directed toward the answering Defendants, Defendants deny the allegations. Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

186.    To the extent that allegations in paragraph 186 are directed toward the answering Defendants, Defendants deny the allegations. Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

187.    Regarding the first sentence of paragraph 187, Defendants admit that Brantley Capital reduced its valuation by $563,000 in its 2004 year-end financial statements filed in its June 28, 2005 Form 8-K, but deny the remaining allegations. The allegations in the second sentence of paragraph 187 purport to set forth information contained in Brantley Capital's Form 8-K for the year ended December 31, 2004. That document speaks for itself and no response is required from Defendants.

188.    Defendants deny the allegations in paragraph 188.

189.    The allegations in paragraph 189 purport to set forth information contained in Brantley Capital's Form 8-K for year ended December 31, 2004.  This document speaks for itself, and no response is required from Defendants.

190.    Regarding paragraph 190, Defendants admit that Mr. Pinkas signed Brantley Capital's Form 8-K for year ended December 31, 2004.  The remaining allegations in paragraph 190 purport to set forth information contained in Brantley Capital's Form 8-K for year ended December 31, 2004.  This document speaks for itself, and no further response is required from Defendants.

191.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 191.

192.    Defendants lack sufficient information to admit or deny the allegations in paragraph 192.

193.    Regarding the first and second sentences of paragraph 193, Defendants admit that from 2002 to September 2005, Brantley Capital made certain payments to BCM under the investment advisory agreement but deny the remaining allegations.  Defendants admit the allegations in the third sentence of paragraph 193.

194.    Defendants lack sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 194.

195.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 195.

196.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 196.

## CLAIM ONE

197.     Defendants reallege and incorporate by reference their responses to paragraphs 1-196 herein.

198.     The allegations in paragraph 198 constitute legal conclusions and no response is required from Defendants.  If any response is deemed necessary, and to the extent the allegations in paragraph 198 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

199.     The allegations in paragraph 199 constitute legal conclusions and no response is required from Defendants.  If any response is deemed necessary, and to the extent the allegations in paragraph 199 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

## CLAIM TWO

200.     Defendants reallege and incorporate by reference their responses to paragraphs 1-196 herein.

201.     The allegations in paragraph 201 constitute legal conclusions and no response is required from Defendants.  If any response is deemed necessary, Defendants deny the allegations in paragraph 201.

202.     The allegations in paragraph 202 constitute legal conclusions and no response is required from Defendants.  If any response is deemed necessary, and to the extent the allegations in paragraph 202 are directed toward the answering Defendants, Defendants deny those

allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

203.    The allegations in paragraph 203 constitute legal conclusions and no response is required from Defendants.  If any response is deemed necessary, and to the extent the allegations in paragraph 203 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

### CLAIM THREE

204.    Defendants reallege and incorporate by reference their responses to paragraphs 1-196 herein.

205.    The allegations in paragraph 205 constitute legal conclusions and no response is required from Defendants.  If any response is deemed necessary, Defendants deny the allegations in paragraph 205.

206.    The allegations in paragraph 206 constitute legal conclusions and no response is required from Defendants.  If any response is deemed necessary, Defendants deny the allegations in paragraph 206.

207.    The allegations in paragraph 207 constitute legal conclusions and no response is required from Defendants.  If any response is deemed necessary, and to the extent the allegations in paragraph 207 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

208.    The allegations in paragraph 208 constitute legal conclusions and no response is required from Defendants.  If any response is deemed necessary, and to the extent the allegations

36

in paragraph 208 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

## CLAIM FOUR

209.    Defendants reallege and incorporate by reference their responses to paragraphs 1-196 herein.

210.    The allegations in paragraph 210 constitute legal conclusions and no response is required from Defendants.  If any response is deemed necessary, and to the extent the allegations in paragraph 210 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

211.    The allegations in paragraph 211 constitute legal conclusions and no response is required from Defendants.  If any response is deemed necessary, and to the extent the allegations in paragraph 211 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

212.    The allegations in paragraph 212 constitute legal conclusions and no response is required from Defendants.  If any response is deemed necessary, and to the extent the allegations in paragraph 212 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

**CLAIM FIVE**

213.    Defendants reallege and incorporate by reference their responses to paragraphs 1-196 herein.

214.    The allegations in the first sentence of paragraph 214 constitute legal conclusions and no response is required from Defendants.  If any response is deemed necessary, Defendants deny the allegations in the first sentence of paragraph 214.  Regarding the second sentence of paragraph 214, Defendants admit that Mr. Pinkas and Mr. Keplinger signed annual Reports on Form 10-K for the fiscal years 2002 and 2003 and quarterly Reports on Form 10-Q for the periods ending March 31, June 30 and September 30 of 2003 and 2004 in their capacity as CEO and CFO, respectively.  The allegations in the third sentence of paragraph 214 constitute legal conclusions and no response is required from Defendants.  If any response is deemed necessary, and to the extent the allegations in the third sentence of paragraph 214 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the third sentence of paragraph 214 regarding Mr. Keplinger.

215.    The allegations in paragraph 215 constitute legal conclusions and no response is required from Defendants.  If any response is deemed necessary, and to the extent the allegations in paragraph 215 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

**CLAIM SIX**

216.    Defendants reallege and incorporate by reference their responses to paragraphs 1-196 herein.

38

217.     Paragraph 217 states a conclusion of law, and no response is required of the Defendants.  To the extent paragraph 217 purports to state facts, Defendants are unclear as to the meaning of "the times alleged in this Complaint" and "the relevant period," and for that reason Defendants deny the allegations in paragraph 217.

218.     The allegations in paragraph 218 constitute legal conclusions and no response is required from Defendants.  If any response is deemed necessary, and to the extent the allegations in paragraph 218 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

219.     The allegations in paragraph 219 constitute legal conclusions and no response is required from Defendants.  If any response is deemed necessary, Defendants deny the allegations in paragraph 219.

220.     The allegations in paragraph 220 constitute legal conclusions and no response is required from Defendants.  If any response is deemed necessary, and to the extent the allegations in paragraph 220 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

221.     The allegations in paragraph 221 constitute legal conclusions and no response is required from Defendants.  If any response is deemed necessary, and to the extent the allegations in paragraph 221 are directed toward the answering Defendants, Defendants deny those allegations.  Defendants lack sufficient knowledge or information to admit or deny the allegations regarding Mr. Keplinger.

Defendants deny every statement, allegation, and averment contained in the Complaint that has not already been expressly admitted above, including any allegations contained in the section and subsection headings of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses against the claims made by the Plaintiff SEC in its Complaint.  Defendants reserve the right to raise additional affirmative and other defenses and to supplement those asserted herein upon further information determined during the course of investigation and discovery.

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Defendants.

## SECOND DEFENSE

Some or all of Plaintiff's claims against Defendants are barred by the applicable statutes of limitations.

## THIRD DEFENSE

Defendants did not act with scienter and at all times acted in good faith and on the advice of counsel and other professionals.

## FOURTH DEFENSE

Defendants did not willfully violate the securities laws or the Investment Advisers Act of 1940.

## FIFTH DEFENSE

Plaintiff is not entitled to equitable relief since it would not be in the public interest to do so.

## SIXTH DEFENSE

There is no reasonable and substantial likelihood that Defendants, if not enjoined, would violate the securities laws in the future, and Plaintiff cannot demonstrate otherwise.

## SEVENTH DEFENSE

Defendants conduct at issue here was not contrary to the public interest.

## EIGHTH DEFENSE

The Complaint fails to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

## NINTH DEFENSE

Pursuant to the Investment Advisory Agreement between BCM and BCC, BCM and its principals and managers possessed full authority to commit funds on behalf of BCC to portfolio company investments, including guarantees.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged misrepresentations or omissions were not material.

## ELEVENTH DEFENSE

Any of the damages alleged, which are at all times denied, were caused by unavoidable circumstances and causes beyond the control or fault of each Defendant individually and collectively, and were not caused in fact or proximately or legally by the Defendants.

## TWELFTH DEFENSE

Every alleged act or failure to act as set forth in the Complaint was done or omitted in good faith in conformity with the rules and regulations promulgated by the SEC and therefore there is no liability for any act or omission alleged.

**THIRTEENTH DEFENSE**

Defendants cannot be held liable for any alleged misrepresentations, omissions, actions or conduct of any other individual or entity.

**FOURTEENTH DEFENSE**

The alleged acts or failures to act were by persons other than Defendants, which acts or failures to act constituted intervening and superseding causes of the violations alleged in Plaintiff's Complaint.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification to the extent that a Board of Directors approved any of Defendants' conduct after the fact.

**SIXTEENTH DEFENSE**

The relief requested in the Complaint is inappropriate, in whole or in part, because the Complaint fails to allege facts sufficient to show a reasonable likelihood of future violations by Defendants.

**SEVENTEENTH DEFENSE**

The Complaint and each count thereof fails to allege facts sufficient to support the award of extraordinary or equitable relief.

**EIGHTEENTH DEFENSE**

The claims are barred, in whole or in part, by the doctrine of laches.

WHEREFORE, Defendants respectfully request that this Court grant judgment in their favor as follows:

1. That the Complaint be dismissed in its entirety with prejudice;

2. That judgment be entered in Defendants' favor on their affirmative defenses; and

3. That this Court grant Defendants such other and further relief as may be just and proper.

## JURY DEMAND

Defendants respectfully demand a trial by jury.


DATED: August 31, 2009                    /s/ Thomas S. Kilbane
                                          Thomas S. Kilbane (0005938)
                                          tkilbane@ssd.com
                                          Robin G. Weaver (0020673)
                                          rweaver@ssd.com
                                          Joseph P. Rodgers (0069783)
                                          jrodgers@ssd.com
                                          SQUIRE, SANDERS & DEMPSEY L.L.P
                                          4900 Key Tower
                                          127 Public Square
                                          Cleveland, OH  44114-1304
                                          Phone: 216.479.8500
                                          Fax:    216.479.8777


                                          Ralph C. Ferrara (*pro hac vice* pending)
                                          rferrara@dl.com
                                          Henry W. Asbill (*pro hac vice* pending)
                                          hasbill@dl.com
                                          Kerri L. Ruttenberg (*pro hac vice* pending)
                                          kruttenberg@dl.com
                                          DEWEY & LEBOEUF LLP
                                          1101 New York Avenue, N.W.
                                          Washington, D.C. 20005
                                          Phone: 202.346.8000
                                          Fax:    202.986.8102

                                          *Attorneys for Defendants Brantley Capital*
                                          *Management, LLC and Robert Pinkas*

43

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 31, 2009, a copy of foregoing was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.

Parties may access this filing through the Court's system

/s/ Thomas S. Kilbane
One of the attorneys for Defendants Brantley
Capital Management, LLC and Robert Pinkas